IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. DEMON L. ANDERSON, *Defendant.* | Case No. 15-CR-10175-02-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Demon L. Anderson's Motion for Early Termination of Supervised Release (Doc. 79). Defendant filed the motion on February 28, 2023, and he represented that it is not opposed by the Government or the United States Probation Office ("USPO").

In 2015, Defendant was charged with four offenses. Based on a change in law, the Court granted Defendant's motion to dismiss two counts. In April 2016, an Information was filed against Defendant charging him with two counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. Defendant pleaded guilty to those counts.

The facts of this case—admitted by Defendant in the plea agreement—are that on December 4, 2015, Defendant, along with his co-Defendant, entered a gas station with the intent

to commit a robbery. Defendants took cash and cigarettes from the store while the clerk was outside. When the clerk returned, the co-Defendant brandished a firearm and demanded the clerk's wallet. The clerk refused, and Defendants fled. Later that night, Defendants entered another gas station with the intent to commit robbery. They were armed with a .40 caliber handgun and a BB gun, both visible to the clerk. They demanded money from the clerk, and the two took money and cigarettes from the clerk's wallet before fleeing the store. Law enforcement had set up surveillance on the store and captured Defendants as they fled.

The Sentencing Guidelines recommended, based on Defendant's total offense level of 25 and criminal history category of II, a sentence of imprisonment of 63 to 78 months. The Court sentenced Defendant to 72 months' imprisonment and three years of supervised release. Defendant completed his imprisonment term, and he has completed 17 months of his three-year term of supervised release.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes one year of it. It is within the Court's discretion whether to grant a motion to terminate supervised release.[1] In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[2] The Court may grant such a motion if it is satisfied that early termination is warranted by the conduct of the defendant, and it is in the interests of justice.[3]

---

[1] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing 18 U.S.C. § 3583(e)(1)).

[2] 18 U.S.C. § 3583(e)(1).

[3] *Id.*

Here, the Court commends Defendant on his conduct during his imprisonment and supervised release thus far but finds that termination of supervised release does not comport with the interest of justice. Specifically, § 3553(a)(1) directs the Court to consider the "nature and circumstances of the offense" and the "characteristics of the defendant." The circumstances surrounding Defendant's offense involve two robberies with a firearm in which the gas station clerks were present. A robbery in which a firearm is present is a significant event for the victim. In addition, the Court notes that the Presentence Investigation Report indicates Defendant has a prior conviction and domestic violence incidents.[4] Thus, the Court finds that in the interest of justice, Defendant should serve the remainder of his supervised release term.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release (Doc. 79) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 28th day of March, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] These incidents resulted in Defendant's arrest but no charges.